**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

---

JORGE RAMIREZ-QUEZADA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2228

Agency No.
A059-539-907

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025**
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Jorge Ramirez-Quezada, a native and citizen of Guatemala, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") dismissing an

appeal from an order of an Immigration Judge ("IJ") denying him deferral of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal pursuant to the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions."  *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).  We review factual findings for substantial evidence and must uphold them unless the evidence compels a contrary conclusion.  *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).  "[W]e review de novo both purely legal questions and mixed questions of law and fact."  *Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021) (cleaned up).

To "establish entitlement to protection under CAT, an applicant must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'"  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)).  In *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc), we explained that "an applicant for deferral of removal must demonstrate that it is more likely than not that he or she will be tortured if removed" and that "[i]n deciding whether the applicant has satisfied his or her burden, the IJ must consider all relevant evidence."

Ramirez-Quezada raises one issue: whether the BIA erred in dismissing his CAT claim despite acknowledging past torture.

The IJ found that Ramirez suffered past torture after being attacked by the

police in Guatemala multiple times 20 years ago. But, the fact that he was tortured over twenty years ago, when he was 15 or 17, because the police mistook his tattoos of Asian and tribal symbols for gang tattoos, does not compel the conclusion he is more likely than not to be tortured if returned to Guatemala now. *See Andrade v. Lynch*, 798 F.3d 1242, 1244 (9th Cir. 2015) (finding that there was no risk of torture where the petitioner's tattoos were not gang-related, and petitioner was not a former gang member). Moreover, the *mano dura* laws that Ramirez-Quezada cites as evidence that the police will torture him again reflect anti-gang policies focused on youth.[1] Ramirez-Quezada is now 38 years old and he presented no evidence that the authorities have any particular interest in him today. Ramirez-Quezada has not made the requisite showing of a particularized and non-speculative risk of future torture necessary for CAT protection. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023).

The petition for review is **DENIED**. The stay of removal shall dissolve on the issuance of the mandate.

---

[1] *See* "Gangs in Central America," a February 20, 2024 report by the Congressional Research Service.